FILED
APR 17 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAETTA VON HULHA,<br><br>    Plaintiff,<br><br>    v.<br><br>WICOMICO COUNTY<br>CORRECTIONS CENTER,<br><br>    Defendant. | Civil Action No. 1:19-cv-00558 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), mandating dismissal of a complaint which fails to state a claim upon which relief can be granted.

Plaintiff, Maetta Von Hulha, alleges that she has been attempting to assume power of attorney for inmate, Michael E. Lane. Mr. Lane is not a party to this matter. Mr. Lane is incarcerated at Wicomico County Corrections Center, located in Maryland. Wicomico County Detention Center is the sole defendant in this matter. Plaintiff alleges that the Navy Federal Credit Union has refused to accept Mr. Lane's power of attorney documentation because it does not bear the signatures of two witnesses, which is required by Maryland law. Plaintiff sues defendant, alleging that no one at the detention center "was available [to execute] this POA." Plaintiff alleges that, as a result of the lack of witness signatures, Mr. Lane has been prevented "from obtaining finances to secure a private lawyer for his upcoming trial." Plaintiff requests that this Court order defendant to allow two witnesses to execute Mr. Lane's power of attorney documentation, and she also requests monetary damages.

1

Plaintiff has failed to state a claim upon which relief may be granted. It is unclear what cause of action she attempts to bring, and she has not pled that she has personally suffered any damages whatsoever. While she alleges that Mr. Lane may suffer consequences regarding his ability to obtain counsel, plaintiff may not bring suit on his behalf. A *pro se* litigant can represent only himself or herself in federal court. *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984). Additionally, plaintiff has failed to plead sufficient facts to support a basis for subject matter jurisdiction or venue in this District.

As such, the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

Date: April 16, 2019